UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAJOR SINGH, | No. 1:26-cv-00331-DJC-SCR |
| Petitioner, | |
| v. | ORDER |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 8)) seeking release from the custody of Immigration and Customs Enforcement ("ICE").  Petitioner raises claims that are functionally identical to those this Court has already addressed in prior orders. Petitioner entered the United States in August 2024 and was detained shortly after entry.  (Pet. ¶¶ 22–23.)  In November 2024, Petitioner was released from custody on parole pursuant to 8 U.S.C. § 1182(d)(5)(A).  (*Id.* ¶ 23; Mot. at 2.)  In December 2025, Petitioner appeared for an appointment with ICE, and ICE re-detained Petitioner.  (Pet. ¶ 31.)  Petitioner was not provided with a written notice explaining the basis for revocation of his release or an opportunity to be heard.  (*Id.* ¶ 5.)

The Court's prior orders are dispositive on the issues raised in the Petition and Motion.  *See Oli v. Andrews*, No. 1:26-cv-00477-DJC-AC, 2026 WL 253425 (E.D. Cal.

Jan. 30, 2026); *M.B. v. Noem*, No. 1:26-cv-00005-DJC-AC, 2026 WL 74155 (E.D. Cal. Jan. 9, 2026).  For the reasons stated in those cases, Petitioner is entitled to relief. Respondents did not provide Petitioner with notice and an opportunity to be heard as required by both 8 C.F.R. § 212.5(e)(2)(i) and the Fifth Amendment Due Process Clause.  Petitioner has a clear liberty interest in his continued release.  *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

The Court informed the parties that it intended to rule directly on the Petition. (ECF No. 11.)  Neither party objects to the Court ruling on the merits of the Petition in their respective responses.  (*See* ECF Nos. 15–16.)

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED, for the reasons stated in those prior orders. Respondents are ORDERED to immediately release Major Singh from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents must return to Petitioner all property confiscated from him during his arrest and processing into detention, including but not limited to any personal identification and employment authorization documents.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and

convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.


IT IS SO ORDERED.

Dated:   **February 4, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE


DJC7 – Singh26cv00331.merits

3